IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL HOMAN OBO MARY M. TORMEY,

    Plaintiff,

v.                                                                                                                              No. 20-cv-00140 JB/JHR

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PETITION FOR ATTORNEY FEE PURSUANT TO § 206(B)(1)**

    This matter is before the Court on Plaintiff's Petition for Attorney Fee Pursuant to §206(b)(1) ("Fee Motion"). [Doc. 30]. The Commissioner declined to take a position on the fee request but did file a brief response ("Response"). [Doc. 31]. Having reviewed the parties' briefing and the relevant law, the Court will grant Plaintiff's Fee Motion in part and deny it in part.

## BACKGROUND

    Plaintiff filed his application for disability insurance benefits and supplemental security income on August 5, 2016. [Doc. 1, p. 2]. The Social Security Administration ("SSA") denied his claims initially and again upon reconsideration. *Id.* Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ") on the merits of his application. *Id.* The ALJ issued an unfavorable decision and Plaintiff requested Appeals Council review. *Id.* The Appeals Council denied Plaintiff's request for review on August 15, 2019. *Id.* at 2-3. Plaintiff filed his Complaint in federal court on February 19, 2020, and his Motion to Remand to Agency on November 23, 2020. [Docs. 1, 23]. Shortly thereafter, the SSA filed its Unopposed Motion to Remand to Agency for further proceedings, which the Court granted. [Docs. 25, 26].

Plaintiff prevailed on April 26, 2022, when the Appeals Council issued a fully favorable decision and awarded Plaintiff full benefits. [Doc. 30, p. 1]. The past-due benefits totaled $81,648.00 from September 2016 through November 2019 (Plaintiff died in December 2019). *Id.*; [Doc. 30-1, p. 3]. The SSA withheld twenty-five percent of past due benefits, or $20,412.00, to pay Plaintiff's representative. [Doc. 30-1, p. 3.]. Plaintiff's counsel Daley Disability Law ("Counsel") was previously awarded $5,900.00 under the Equal Access to Justice Act ("EAJA") for 35.75 hours of legal work in federal court. [Doc. 29].

Counsel attaches the Social Security Contingent Fee Contract which governs payment for federal court representation. *See generally* [Doc. 30-2]. The contract provides "I have been advised by my attorney that Social Security is authorized to withhold one-fourth (25%) of whatever past-due benefits are allowed me and/or my dependents based on my Social Security account." *Id.* at 1. It further explains that "[a]n attorney who successfully represents a Social Security benefits claimant in court may be awarded as part of the judgment 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id.* The contract also explains the difference between the EAJA award for federal court costs and expenses and the contingency award for successful federal court representation. *Id.* Plaintiff signed this Contingent Fee Contract on January 1, 2020. *Id.* at 2.

Counsel requests a contingency fee of $20,412.00, which is the full twenty-five percent of Plaintiff's past-due benefits [Doc. 30, p. 6]. Counsel attaches attorney timesheets and resumes in support of this figure. The timesheets itemize the total 35.7 hours of attorney and staff billing. [Doc. 30-4, pp. 1-3]. Although staff billed a significant amount on this case, attorney Stephen Sloan's billable hours far exceeded any other person's hours. *Id.* at 2 (reflecting 26.4 hours for

Sloan). *See id.* at 1-3. Counsel argues that $570.97 is a reasonable "de facto" rate for the 35.75 hours spent working on Plaintiff's case. [Doc. 30, pp. 4-5].

## LEGAL STANDARDS

Under the Social Security Act, a court ruling in favor of a represented claimant "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits." § 206(b)(1). Similarly, under 42 U.S.C. § 406(b), a claimant's attorney may recover fees for representing the claimant in federal court when "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *Nealy v. Kijakazi*, No. 20-CV-698-KRS, 2023 WL 171782, at *2 (D.N.M. Jan. 12, 2023) (citing *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006)). Section 406(b) permits, not mandates, "only a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." *Id.* (citing § 406(b)(1)(A)). Section 406(b) fees are paid from the claimant's past-due benefits, unlike the EAJA fees paid in addition to past-due benefits. *Id.* (citing *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008)). If an attorney receives both EAJA and § 406(b) fees, he must refund the lesser of the two to the claimant. *Id.* (citing *Wrenn*, 525 F.3d at 934).

The United States Supreme Court prohibits courts from applying a strict "lodestar method" for determining § 406(b) fees. [Doc. 30, p. 3] (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). A lodestar method "involves multiplying the number of hours reasonably devoted to a case by the reasonable hourly fee." *Nealy*, 2023 WL 171782, at *2 (citing *Gisbrecht*, 535 U.S. at 797). Instead, *Gisbrecht* directs courts to give "primacy" to contingency fee agreements negotiated between a plaintiff and his attorney. *See Gisbrecht*, 535 U.S. at 793. However, courts must still

function as an "independent check" and review fee agreements "to assure that they yield reasonable results in particular cases." *Id.* at 807. In sum, "§ 406(b) imposes a 25-percent-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness." *Nealy*, 2023 WL 171782, at *2.

A court assessing a § 406(b) fee request first asks whether the fee agreement between the plaintiff and his attorney complies with the § 406(b) parameters. *Id.* at *3. While the reasonableness of § 406(b) fees largely depends on "the character of the representation and the results the representative achieved," *Gisbrecht* applied several other factors in assessing § 406(b) fee reasonableness: whether the attorney's representation was substandard; whether the attorney was responsible for any delay in the resolution of the case; and whether the contingency fee is disproportionally large compared to the amount of time spent on the case. *Gisbrecht*, 535 U.S. at 808. Under this rubric, a downward adjustment may be assessed if the benefits are large compared to the time the lawyer spent on the case. *Id.* The attorney has the burden of showing that the requested fee is reasonable. *Id.* at 807.

## ANALYSIS

The Court finds that the contingency fee agreement between Counsel and Plaintiff is facially enforceable. It outlines a contingency fee of twenty five percent—the authorized statutory sum—and thus deserves primacy. *See id.* at 793. Under the agreement, Counsel requests a contingency fee of $20,412.00, which is twenty-five percent of Plaintiff's $81,648.00 past-due benefits award. [Doc. 30, pp. 1]. The Court must still act as an "independent check" to ensure that the contingency fee is reasonable. *See id.*

### A. Plaintiff's § 406(b) request of $20,412.00 is reasonable and not a windfall.

Applying the *Gisbrecht* factors, the Court finds that requested fee is reasonable. Counsel secured a fully favorable result for Plaintiff in the form of a substantial past-due benefits award. *See* [Doc. 30-1]. The attorneys who worked on Plaintiff's case have sufficient experience in Social Security law to support a twenty-five percent contingency fee. *See* [Doc. 30-3]. Mr. Sloan himself (who did the majority of substantive work on this case) has been licensed since 2015 and worked at Daley Disability Law since licensure. *Id.* at 4. His work product shows his competence as an attorney. Ms. Marcus and Mr. Daley have more experience; Mr. Daley first represented Social Security claimants in 1973. *Id.* at 1-3. Moreover, there is no indication that Counsel caused any undue delay in resolving the matter considering this fee motion was filed the same month that Plaintiff received the SSA's Award Notice. *See* [Doc. 30] (Fee Motion filed 9/15/22); [Doc. 30-1] (Award Notice transmitted 9/2/22).

The last contingency fee factor—whether the award is disproportionally large compared to the time spent on the case—warrants closer inspection but ultimately does not change the result. The timesheets indicate that Counsel spent a total of 35.75 hours working on the case. [Doc. 30-4, p. 3]. The fee request of $20,412.00 thus yields a "de facto" hourly rate of $570.97. *Id.* at 4. Although this hourly fee strikes the Court as high, and Counsel failed to provide his general rate for hourly work, this rate nevertheless lies within the range of Social Security contingency fee awards in this District. *See Nealy*, 2023 WL 171782, at *3 (citing *Saavedra v. Saul*, No. 1:19-CV-00644 KRS, 2021 WL 1720904, at *2 (D.N.M. Apr. 30, 2021) ($566.66 per hour); *Casas v. Kijakazi*, No. 1:19-CV-01154 KRS, 2022 WL 832500, at *2 (D.N.M. Mar. 21, 2022) ($567.60 per

hour); *Torrence v. Saul*, No. Civ. 18-934 SCY, 2020 WL 6196173, at *2 (D.N.M. Oct. 22, 2020) ($597.61 per hour)).[1]

In sum, the fee request complies with the twenty-five percent contingency fee cap under § 406(b) and the contingency fee agreement. The 35.75 billable hours expended speak to Counsel's efficient representation which resulted in a favorable ruling and avoided the need for protracted litigation. The Commissioner acquiescing to the Motion to Remand approximately two months after it was filed also substantiates the high-quality representation. *See* [Docs. 23, 25]; *see also Nealy*, 2023 WL 171782, at *3 ("Having obtained remand without a full round of briefing, it was not necessary for Ms. Johnson to devote as many hours to Plaintiff's federal appeal as would be typical"). Accordingly, the Court finds that the effective hourly rate of $570.97 is reasonable and does not require a downward adjustment to avoid a windfall to Plaintiff's attorneys. *See Gisbrecht*, 535 U.S. at 808. The Court will authorize the § 406(b) fees requested in the Fee Motion.

### B. **Plaintiff's request for the Commissioner to refund the EAJA fees is unsupported.**

However, Plaintiff's EAJA refund argument does not persuade the Court. The law requires a Social Security claimant's attorney to return the EAJA fee to the claimant if the attorney secures a contingency fee larger than the EAJA fee. *Gisbrecht*, 535 U.S. at 796. The Motion requests this Court to award Counsel the § 406(b) fee of $20,412.00, but first to deduct the $5,900 EAJA fee. [Doc. 30, p. 6]; *see* [Doc. 29] (awarding Plaintiff $5,900 in EAJA attorney fees to be "paid to Plaintiff but delivered to Plaintiff's attorney"). Thus, the Commissioner would remit only $14,512.00 to Counsel [Doc. 30, p. 6]. This plan would allow Counsel to "avoid the bookkeeping

---

[1] In fact, courts in this District have authorized high fees than this request. *See Nealy*, 2023 WL 171782, at *3 (citing *Kelley v. Saul*, No. CIV 16-618 GJF, 2020 WL 3893055, at *3 (D.N.M. July 10, 2020) ($1,073.68 per hour); *Baca v. Saul*, No. CV 17-449 CG, 2020 WL 871547, at *2-3 (D.N.M. Feb. 21, 2020) ($1,025.00 per hour); *Valdez v. Saul*, Civ. No. CV 18-444 CG, 2019 WL 4451127, at *2 (D.N.M. Sept. 17, 2019) ($787.00 per hour); *McDaniels v. Berryhill*, No. 1:16-cv-00496-KRS, 2019 WL 2106380, at *2 (D.N.M. May 14, 2019) ($753.88 per hour); *Threadgill v. Berryhill*, No. CV 16-0287 JHR, 2019 WL 1494034, at *2 (D.N.M. April 4, 2019) ($746.00 per hour)).

task of writing a check to [Plaintiff] for [$5,900], and therefore he requested only [$14,512.00]." *See Martinez v. Berryhill*, 699 Fed. Appx. 775, 776 (10th Cir. 2017).

Although this framework may not be categorically improper, the Tenth Circuit prefers that "counsel make the required refund to his client, rather than [] delegate that duty to the Commissioner." *Id.* Moreover, the Commissioner objects to this form of EAJA refund. [Doc. 31, p. 3]. The Commissioner emphasizes that "[f]ee authorization is separate and distinct from the Commissioner's withholding and direct payment obligations (i.e., **how** the court's authorized fee is ultimately paid)." *Id.* (citing 42 U.S.C. § 406(a)(4), (b)(1)). Because the SSA is not a party to the § 406(b) fee contract between claimants and attorneys, the Commissioner argues that it is counsel's duty to refund the EAJA fee directly to Plaintiff. *Id.* at 4.

The Court agrees with the Commissioner and declines to order the Commissioner to withhold the $5,900 of EAJA fees and refund that amount directly to Plaintiff. Aside from positing their desired refund plan is not unlawful, Plaintiff has failed to advance sufficient authority persuading the Court to order the Commissioner to refund the EAJA fees as Plaintiff wishes. Controlling authority discourages (if not prohibits) EAJA refund methods aside from an attorney sending the money directly to the claimant. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this matter: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee"). Thus, the Court denies Counsel's request for the Commissioner to deduct the EAJA fee from the § 406(b) award and refund the EAJA fee to Plaintiff.

**CONCLUSION & ORDER**

For the foregoing reasons, the Court will **GRANT** Plaintiff's Petition for Attorney Fee Pursuant to § 206(b)(1) [Doc. 30] in its request for § 406(b) fees of $20,412, or twenty-five percent of Plaintiff's past-due benefits. The Commissioner must therefore release $20,412 to Counsel.

The Court will **DENY** the Fee Motion in its request for the Commissioner to "withhold" the EAJA fee of $5,900, deduct that amount from the § 406(b) award, and refund it to Plaintiff. Counsel must therefore refund the EAJA fee to Plaintiff upon receipt of the § 406(b) award.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE